**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CARMEN T. LLACA,

        Plaintiff,

v.                                     Case No. 6:16-cv-261-Orl-37KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

---

**ORDER**

This cause is before the Court on the following:

1.     Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 14), filed March 10, 2016; and

2.     Defendant's Response to Plaintiff's Motion to Remand to State Court (Doc. 18), filed March 28, 2016.

**BACKGROUND**

Contending that she suffered permanent injury and damages in an automobile accident ("**Accident**"), that was caused by the negligence of an underinsured motorist ("**Tortfeasor**"), Carmen Llaca ("**Plaintiff**") initiated this action against her insurer State Farm Mutual Automobile Insurance Company ("**Defendant**") to recover the maximum uninsured motorist benefits ("**UM Benefits**") available under insurance policy number 916545659A ("**Policy**")—**$50,000.00** ("**UM Limit**"). (*See* Doc. 2, ¶¶ 8, 10–15 ("**Count One**"); *see also* Doc. 18, p. 1.) Plaintiff alleges that her damages—including "permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care treatment, and loss of earning and loss of ability to earn money"—are "in excess of Fifteen Thousand Dollars (**$15,000.00**)." (*Id.* at ¶¶ 1, 9). In accordance with Florida Statutes, § 627.428 ("**Fee Statute**"), Plaintiff also seeks her attorney fees from Defendant. (*Id.* ¶ 14.)

Contending that this action is between parties who reside in different states and concerns an amount-in-controversy that exceeds **$75,000.00** ("**Controversy Requirement**"), Defendant timely removed the action to this Court from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("**State Court**"). (Doc. 1 ("**Notice**").) Noting that the UM Limit is **$25,001.00** *less* than the Controversy Requirement, Plaintiff moved to remand ("**Motion**"). (Doc. 14.) Defendant responded (Doc. 18 ("**Response**")), and the matter is now ripe for adjudication.

## STANDARDS

This Court may exercise diversity jurisdiction in "actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1) (2015). If a state court action could have been initiated in federal court based on diversity jurisdiction, then the defendant may remove to federal court. *See* 28 U.S.C. §§ 1441(a), 1446(c) (2015). Based on the removing documents, the defendant must establish by a preponderance of the evidence that the parties are diverse and the Controversy Requirement is met. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Devore v. Howmedics Osteonics Corp.*, 658 F.Supp.2d 1372, 1379 (M.D. Fla. 2009). If the defendant fails to do so, then the Court must remand. *See Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).

**DISCUSSION**

In her Motion, Plaintiff argues that the Court should remand this action to State Court because Defendant has not met its burden of proof concerning the Controversy Requirement.[1] (*See* Doc. 14, pp. 2, 6–14; *see also* Doc. 2, ¶¶ 7–15.) According to Plaintiff, Defendant cannot meet its burden because: (1) Defendant's estimation of Plaintiff's potential damages is "speculative" and "misguided" (Doc. 14, p. 3); (2) Plaintiff's recovery under Count One cannot exceed the UM Limit; and (2) Plaintiff's remaining claims—for declaratory judgment and for Defendant's alleged violation of Florida Statutes, § 624.155 ("**Bad Faith Statute**")—are due to be dismissed as premature.[2]

In its Response, Defendant argues that the Court's jurisdictional analysis should not be restricted to the UM Limit because Defendant is "potentially liable for all Plaintiff's damages" under the Bad Faith Statute. (*See* Doc. 18, p. 7.) Defendant further argues that the Controversy Requirement is met because Plaintiff: (1) provided Defendant with documents indicating that her future medical expenses will exceed **$128,000.00**; and (2) in accordance with the Fee Statute,[3] Plaintiff may recover "substantial" attorney fees if she prevails in this action. (*See id.* at 5–7.)

---

[1] Plaintiff does not dispute that "diversity of citizenship exists between the parties for purposes of federal jurisdiction." (*See* Doc. 14, pp. 2–3; *see also* Doc. 2, ¶¶ 2–3 (alleging that Plaintiff resides in Florida and Defendant is "incorporated under the laws of Illinois").)

[2] Defendant moved to dismiss Plaintiff's claim for declaratory judgment and for damages under the Bad Faith Statute. (*See* Doc. 12; *see also* Doc. 8.) Plaintiff concedes that the Court should dismiss both claims without prejudice because they are not yet ripe. (*See* Doc. 12, p. 10.)

[3] The Fees Statute provides that "[u]pon the rendition of a judgment . . . against an insurer and in favor of" an insured under a policy issued by the insurer, the court "shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation" for the insured's "attorney prosecuting the suit in which the recovery is had." § 627.428(1), Florida Statutes (2015).

The law is well-settled that an insurance coverage breach of contract claim is distinct from a claim under the Bad Faith Statute, and the latter claim does not even accrue unless and until an insured prevails against her insurer on a coverage claim and establishes "the existence of liability on the part of the uninsured tortfeasor and the extent of the [insured's] damages." *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *State Farm Mut. Auto. Ins. Co. v. St. Goddard*, 936 So. 2d 5, 6 (Fla. 4th DCA 2006). Expanding the Court's jurisdictional analysis to factor in damages that Plaintiff may never even be able to pursue—and definitely cannot obtain in this action—would contravene the Court's duty to "'scrupulously confine'" its jurisdiction "to the precise limits" defined by Congress. *See Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) (quoting *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010)). Accordingly, the Court rejects Defendant's argument that the UM Limit is not the ceiling for purposes of the Court's jurisdictional analysis.[4]

Even if the Court's analysis could encompass damages available under a claim that is not pending before it, remand would still be required because Defendant has not supported its Notice with evidence sufficient to establish the Controversy Requirement by

---

[4] *See Barroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F.Supp.2d 1344, 1346 (M.D. Fla. 2013) (holding that the amount in controversy requirement was not met in a coverage action where the policy limit was $25,000.00); *Brown v. Safeco Ins. Co. of Ill.*, No. 6:13-cv-1982-Orl-31GJK, 2014 WL 1478833, at *3, n. 9 (M.D. Fla. Nov. 12, 2008) (remanding a claim concerning $10,000 in insurance proceeds); *see also Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F.Supp.3d 1358, 1363–64 (M.D. Fla. 2015); *Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-cv-2717-T-30TGW, 2014 WL 6705414, at *2 (M.D. Fla. Nov. 26, 2014); *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *3 (M.D. Fla. Nov. 24, 2014); *Marquez v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-241-36KRS, 2014 WL 2968452, at *2 (M.D. Fla. Sept. 30, 2014).

a preponderance of the evidence. Defendant supported its Notice with: (1) a "Medical Impairment Report" dated **January 23, 2013** ("**2013 Report**"), which Plaintiff's treating physician—Dr. Merrill W. Reuter ("**Dr. Reuter**")—provided to Plaintiff's attorney (Doc. 1-3); and (2) a printout from https://www.socialsecurity.gov/ providing estimations of life expectancy for a female born on April 25, 1958 (Doc. 1-4 ("**LE Estimate**")). (*See* Doc. 18, pp. 2–6.) Based on these documents, Defendant contends that at least **$128,300.00** in damages are at issue because:

(1)     the 2013 Report provides that *if* Plaintiff's "signs and symptoms worsen" in the future, she *may* need spinal surgery at two levels of the spine "with an estimated cost of **$50,000.00** at each level" (*see* Doc. 1-3, p. 5 (emphasis added); *see also* Doc. 18, pp. 2–3 (estimating the "cost of the recommended surgery" is **$100,000.00**));

(2)     the 2013 Report further advises that an "uncontrolled exacerbation" of Plaintiff's symptoms "would not be uncommon" and *if* such "significant exacerbations" occur, then Plaintiff "should be allowed the privilege of palliative care depending on the continuance or remission of her signs and symptoms with an estimated cost of $500.00 to $1,000.00 per year" ("**Annual Cost of Care**") (Doc. 1-3, p. 5); and

(3)     multiplying the Estimated Cost of Care by 28.3—which is Plaintiff's remaining life expectancy according to the LE Estimate—Defendant estimates that "over the course of" her life, Plaintiff may incur an additional **$28,300.00** in damages ("**Future Cost of Care**") (Doc. 18, p. 2; Doc. 1-4).

(*See* Doc. 18, p. 5.)

These noncommittal estimations of Plaintiff's Future Cost of Care and need for surgery is accompanied by Dr. Reuter's finding that "further recovery or deterioration" of Plaintiff's conditions are "not anticipated" because Plaintiff "reached a point of plateau and accordingly maximum medical improvement" ("**MMI**") regarding the Accident. (*See* Doc. 1-3, p. 5.) Together, the MMI finding and equivocal wording greatly diminishes the

value of the 2013 Report as evidence that the Controversy Requirement is met.[5] Absent

other supporting evidence,[6] the Court cannot find that Defendant satisfied its burden of

proving by a preponderance of the evidence that the Controversy Requirement is met.[7]

Accordingly, this action is due to be remanded to the State Court.[8]

**CONCLUSION**

It is hereby **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 13) is **GRANTED**.

(2)     The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 30, 2016.



ROY B. DALTON JR.
United States District Judge

---

[5] In apparent recognition of the weakness of the 2013 Report, more than a year after it was drafted, Defendant made a low-ball offer to settle with Plaintiff for **less than one percent** of $128,300.00. (*See* Doc. 14-1; *see also* Doc. 1-3, p. 5.)

[6] Defendant also contends that Plaintiff has incurred **$57,633.57** in past medical expenses related to the Accident ("**Past Expenses**"). (*See* Doc. 18, pp. 5, 14–15.) In its jurisdictional analysis, the Court did not consider the Past Expenses because: (1) Defendant submitted no evidence concerning the Past Expenses with its Notice; and (2) the evidence that Defendant submitted with its Response—a two page document titled 'Special Damages'—is not authenticated or explained in any helpful way. (*See id.*)

[7] Defendant also argues that Plaintiff's demand under the Fees Statute, is sufficient to establish the Controversy Requirement. (*See* Doc. 18, pp. 5–7.) This argument fails because it is unsupported by any evidence; rather, it is based entirely on attorney argument in Defendant's Response. (*See id.*)

[8] Because it appears that Defendant's arguments for removal were made in good faith—particularly its arguments concerning damages related to the Bad Faith Statute—the Court declines to order that Defendant pay Plaintiff's attorney fees in accordance with 28 U.S.C. § 1447(c). (*See* Doc. 14, p. 14.)

Copies:

Counsel of Record

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida